**In re the Marriage of Candyce C. PIERCE, Petitioner, Respondent,**

v.

**Robert P. PIERCE, Appellant.**

**No. C3–85–870.**

Court of Appeals of Minnesota.

Sept. 17, 1985.

Review Denied Nov. 4, 1985.

Carole M. Megarry, R.J. Lange & Associates Bloomington, for respondent.

David G. Kuduk, St. Paul, for appellant.

Heard, considered and decided by WOZNIAK, P.J., and PARKER, and LESLIE, JJ.

## OPINION

PARKER, Judge.

Robert Pierce appeals from a district court order in a dissolution proceeding that (1) denied his motion to amend his answer to allege his paternity of a child born during Candyce Pierce's prior marriage and (2) denied his motion for paternity blood tests. We affirm.

## FACTS

Appellant Robert Pierce seeks to adjudicate the paternity of minor child A.K. in the dissolution proceedings between himself and the child's natural mother, respondent Candyce Pierce. Robert Pierce claims he may be the natural father of A.K., although she was born on January 22, 1978, during Candyce Pierce's prior marriage to Roger Koll. Her marriage to Roger Koll was dissolved by judgment and decree dated January 19, 1979. That decree identifies A.K. as a minor child of Candyce Pierce (then Candyce Koll) and Roger Koll. Candyce Koll was awarded custody and $175 per month child support for each of the Koll's two minor children.

Robert Pierce and Candyce Pierce were married in South Dakota on February 10, 1979. Candyce Pierce brought this dissolution action in December 1984. Robert Pierce's answer did not challenge A.K.'s paternity. A family court referee denied Robert Pierce's motion to have paternity blood-testing performed on A.K. The district court affirmed the referee's order and also denied Robert Pierce's motion to amend his answer to allege paternity of the child. The district court ruled that the issue of A.K.'s paternity was barred by res judicata and the running of the statute of limitations.

## ISSUES

1. Does appellant have standing under the Uniform Parentage Act (Minn.Stat. § 257.59) to challenge the paternity of his wife's minor child born during a previous marriage?

2. Is appellant's action to challenge the paternity of A.K. barred by the statute of limitations?

## DISCUSSION

I

Appellant Robert Pierce seeks to challenge the statutory presumption under the Uniform Parentage Act (UPA) that Roger Koll is A.K.'s natural father. That presumption arises because Candyce Pierce was married to Roger Koll at the time of A.K.'s birth. *See* Minn.Stat. § 257.55, subd. 1(a) (1984). Robert Pierce has standing to challenge the statutory presumption only if he is also a presumed natural father under the UPA. *See* Minn.Stat. § 257.57.

Robert Pierce alleges that he is a presumed father under Minn.Stat. § 257.55, subd. 1(d), which grants the statutory presumption to a putative father if:

While the child is under the age of majority, he receives the child into his home and *openly holds out the child as his natural child.*

*Id.* (emphasis added). Robert Pierce has not openly held A.K. out as his natural child. He took no action to claim paternity of the child at the time of her birth, nor when her mother was being divorced from the statutorily presumed father. Even after the marriage of Robert Pierce and Candyce Pierce, A.K. used Roger Koll's name, received his child support, and regularly visited with him.

In his proposed marital termination agreement and in his sworn pleadings in this dissolution case, Robert Pierce acknowledged that A.K. is a child of his

wife's former marriage. Finally, in his motion for blood tests and in this appeal, he concedes that he is not certain that A.K. is his child. Consequently, he does not meet the statutory requirements of a presumed father and has no standing under the UPA to challenge A.K.'s paternity. *See* Minn. Stat. §§ 257.55, 257.57.

## II

█ The district court held that the statute of limitations had run on any paternity action Robert Pierce could have brought. Robert Pierce cites Minn.Stat. § 257.58, subd. 1, as the relevant statute of limitations. That section of the UPA applies only to actions involving children without a presumed father. Because Roger Koll is A.K.'s presumed father, section 257.58 does not apply in this case.

Since the UPA does not expressly provide for standing by putative fathers in Robert Pierce's position, the statutory scheme fails to designate a specific statute of limitations for this type of suit. Thus, the appropriate statute of limitations must be determined by analogy and examination of the policy behind the limitation on paternity actions.

█ Subdivision 1(a) of Minn.Stat. § 257.57 states that a presumed father by marriage may bring an action at any time for the purpose of declaring the existence of the father and child relationship. Since Robert Pierce is not a presumed father by marriage, this provision, which is clearly meant to promote actions legitimizing children, does not apply either.

█ Subdivision 1(b) of section 257.57 states that a presumed father by marriage may bring a UPA action:

> For the purpose of declaring the nonexistence of the father and child relationship presumed under section 257.55, subdivision 1, clause (a), (b), or (c) only if the action is brought within a reasonable time after the person bringing the action has obtained knowledge of relevant facts, *but in no event later than three years after the child's birth.*

*Id.* (emphasis added).

This limitation applies to Robert Pierce even though he is not a presumed father. He is seeking to challenge the existence of a father and child relationship presumed by marriage. The obvious intent of the three-year statute of limitations is to make the presumption of legitimacy conclusive once a child reaches three years of age. The three-year statute of limitations is absolute in that it bars action *even if* the presumed father obtains knowledge of illegitimacy after the running of the statute.

Permitting a man in Robert Pierce's position to challenge the legitimacy of a child over three years of age would be inconsistent with the treatment of presumed fathers. Moreover, it would undermine the clear statutory purpose of promoting legitimacy. Thus, Robert Pierce is barred by the UPA statute of limitations from bringing an action to declare six year old A.K. illegitimate.

Candyce Pierce argues that Robert Pierce's paternity action is barred by the res judicata effect of the judgment and decree, which dissolved her marriage to Roger Koll. She also argues that Robert Pierce should be banned from challenging A.K.'s paternity under the doctrine of equitable estoppel. We do not reach these issues because of our holdings on the questions of standing and the running of the statute of limitations.

## DECISION

The district court did not err in denying appellant's motion to amend his answer and his motion to compel paternity blood-testing of A.K.

Affirmed.